# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Action No. 8:22-cv-00472

RICARDO S. VELAZQUEZ,

    Plaintiff,

v.

IQ DATA INTERNATIONAL, INC.,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** Plaintiff, RICARDO S. VELAZQUEZ ("Plaintiff"), by and through his undersigned counsel, complaining of IQ DATA INTERNATIONAL ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Fla. Stat. Rev. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Ricardo S. Velazquez ("Plaintiff") is a natural person over 18-years-of-age who, at all times relevant, resided in Clearwater, Florida.

5. IQ Data International ("Defendant") "has been serving the collection needs of businesses and consumers since 1998 . . . .providing services to the apartment industry."[1]

6. Defendant maintains its principal place of business at 21222 30th Drive, Suite 120, Bothell, Washington 98028.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

---

[1] https://www.iqdata-inc.com/about-us

## FACTUAL ALLEGATIONS

8. On January 28, 2022, Defendant mailed a letter to Plaintiff attempting to collect a defaulted apartment debt for Terraces at Clearwater Beach ("Terraces") in the amount of $3,890.79 ("subject debt").

9. Although the letter was addressed to Plaintiff, he had never lived at Terraces and was perplexed as to why he was receiving Defendant's letter.

10. After some time, Plaintiff realized that his son – who has the same name as him – lived at the Terraces approximately three years before.

11. At no time did Plaintiff live at the Terraces nor did Plaintiff sign or co-sign the lease for the Terraces in any way.

12. Plaintiff's son does not live with him, nor does Plaintiff accept mail for his son at Plaintiff's residence.

13. Realizing that Defendant was attempting to collect the subject debt from the wrong party, Plaintiff retained counsel to compel Defendant to cease its unlawful collection activity.

## COUNT I –
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff restates and realleges paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

16. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(6).

### a. Violations of 15 U.S.C. §1692e

17. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

18. Defendant violated §1692e by leading Plaintiff to believe that he may be liable for the subject debt by sending Defendant's letter to his residence.

19. As set forth above, Plaintiff was not the individual that entered into the lease that gives rise to the subject debt – rather, it was Plaintiff's son.

20. Section 1692e(2) of the FDCPA prohibits a debt collector from "the false representation of – (A) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

21. Defendant violated §1692e(2) when it mischaracterized the subject debt as belonging to Plaintiff and misrepresenting that Plaintiff may be liable for paying the subject debt by sending the letter to his residence.

22. In other words, since Plaintiff was not the party who owed the subject debt, sending a letter to Plaintiff's house in an attempt to collect the subject debt falsely represented the character of the subject debt.

23. Defendant's letter led Plaintiff to believe that he may be liable for paying the subject debt despite Defendant sending the letter to the wrong party.

b. **Violations of 15 U.S.C. §1692f**

24. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

25. Section 1692f(1) of the FDCPA prohibits a debt collector from "the collection of any amount. . .unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

26. Defendant violated §§1692f and f(1) by attempting to collect an apartment lease debt from Plaintiff when Plaintiff never signed or co-signed a lease and never provided Defendant with his address.

27. Specifically, Plaintiff has not had prior dealings with Defendant or with the Terraces and Defendant has no reason to contact him regarding the subject debt.

28. As set forth above, the subject debt is not owed by Plaintiff and thus any attempt to collect the subject debt from Plaintiff is unauthorized by the lease and is not permitted by law.

29. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, RICARDO S. VELAZQUEZ, requests that this Honorable Court:

a. Declare that the practices complained of herein violate the Fair Debt Collection Practices Act;

5

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations of the Fair Debt Collection Practices Act;

c. Award Plaintiff his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II –
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 13 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

32. Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7) because it regularly engages in debt collection in its ordinary course of business.

33. Fla. Stat. §559.72(9) states that debt collectors cannot "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate…" Fla. Stat. §559.72(9).

34. Defendant violated Fla Stat. §559.72(9) by attempting to collect the subject debt from Plaintiff when Plaintiff did not owe the subject debt – rather, the subject debt belonged to Plaintiff's son.

35. As pled above, at no point did Plaintiff have any business relationship with Defendant or the Terraces nor did Plaintiff provide Defendant with any of his contact

information; therefore, Defendant cannot collect the subject debt from Plaintiff because he is the wrong party.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 28, 2022                                        Respectfully submitted,

**RICARDO S. VELAZQUEZ**

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*